# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 97-30270
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ALLEN FITZGERALD,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Louisiana
(96-CR-50051)

November 7, 1997

Before POLITZ, Chief Judge, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

William Allen Fitzgerald appeals his conviction and sentence for possession

with the intent to distribute methamphetamine and for aiding and abetting the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession with intent to distribute methamphetamine.[1]  He contends that the district court erred by:  admitting evidence of his subsequent drug offense; denying his motion for judgment of acquittal or new trial; giving an erroneous jury instruction on aiding and abetting; and preventing his counsel from using a summary chart during closing argument.  For the reasons assigned, we affirm.

Background

A tractor-trailer rig occupied by Fitzgerald and codefendant, Joe David Reynolds, was subjected to a routine stop at the Louisiana-Texas border.  The officers discovered that Reynolds, who then was operating the rig, was not the duty driver and had a suspended driver's license.  Fitzgerald was asleep in the berth of the truck.  Reynolds and Fitzgerald agreed to a search which revealed marihuana in Reynolds' shaving kit behind the driver's seat, marihuana and methamphetamine in a small film canister in the truck console, and several ounces of methamphetamine packaged in individually wrapped plastic bags in a black nylon zippered camera bag on the passenger-side floorboard near the dash.

Fitzgerald and Reynolds were indicted for possession with intent to distribute methamphetamine.  A jury found Fitzgerald guilty and he was sentenced to 120 months imprisonment to be followed by a supervised release term of four years.

---

[1] 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2.

He timely appealed.

## Analysis

Fitzgerald contends that extrinsic crimes evidence admitted was relevant only to prove his character and thus was inadmissible under Fed.R.Evid. 404(b).[2] Four months after his arrest for the instant offense, Fitzgerald was arrested in Oklahoma for possession with intent to distribute marihuana and subsequently pleaded guilty to same. The district court admitted evidence of that offense, concluding that the similarities between the instant offense and the extrinsic offense were significant and that the evidence was relevant to show intent and motive. Fitzgerald, however, maintains that the evidence was admitted improperly because he did not put his intent or motive at issue or, in the alternative, that the evidence was highly prejudicial and should have been excluded.

The admission of evidence of extrinsic criminal acts will be reversed only upon a clear showing of an abuse of discretion.[3] Extrinsic evidence includes

---

[2] "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b).

[3] **United States v. Broussard**, 80 F.3d 1025 (5th Cir.), cert. denied, 117 S.Ct. 264 (1996).

offenses that occur before or after the offense charged.[4]  In determining whether to admit this evidence the district court correctly applied the two-part **Beechum** test,[5] determining that the evidence was relevant to show Fitzgerald's intent, and concluding that "because the defendant had unlawful intent in the extrinsic offense, it is less likely that he had lawful intent in the present offense."  We perceive no abuse of discretion in this ruling.

Fitzgerald next asserts that the district court erred by denying his motion for judgment of acquittal or, alternatively, a new trial.  On appeal we review all of the evidence, and the reasonable inferences to be drawn therefrom, in the light most favorable to the verdict, to determine if a rational trier-of-fact could have found each element of the offense established beyond a reasonable doubt.[6]  The evidence presented in this case was sufficient to support the verdict.

Fitzgerald challenges the jury instruction on aiding and abetting and the sufficiency of the evidence offered in support thereof.  In reviewing this claim we must determine "whether the court's charge, as a whole, is a correct statement of

---

[4] **United States v. Beechum**, 582 F.2d 898 (5th Cir. 1978) (en banc).

[5] First, the court must determine if the extrinsic-offense evidence is relevant to an issue other than the defendant's character.  If so, the evidence is admissible if its probative value is substantially outweighed by its undue prejudice and meets the other requirements of Fed.R.Evid. 403.  **Id.**

[6] **United States v. Robertson**, 110 F.3d 1023 (5th Cir. 1977).

the law and whether it clearly instructs jurors as to the principles of law applicable to factual issues confronting them."[7]  Our review of the record persuades that the district court correctly instructed the jury on the law of aiding and abetting and that the evidence offered in support of this charge was adequate and sufficient.

Finally, we find neither error nor abuse of discretion in the court's ruling on defense counsel's use of the chart in closing argument.

The conviction and sentence are AFFIRMED.

---

[7] **United States v. Daniel**, 957 F.2d 162 (5th Cir. 1992) (citation and internal quotation omitted).